30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Constance MALMIN, Plaintiff-Appellant,
v.
BOARD OF COMMISSIONERS OF THE IDAHO STATE BAR; John J.
McMahon; Dean Wollenwaber; R. Ronald Kerl; Jean R.
Uranga; Michael J. Oths; Kathryn A. Stricklen; Johnny L.
King; Linnae Costello; Richard C. Engler; Glenn Coughlan;
Hearing Review Committee, Defendants-Appellees.
 No. 93-35336.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided Aug. 2, 1994.
 
 Before: GOODWIN, D.W. NELSON, HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After Constance Malmin, an Idaho Attorney, received a private letter of reprimand from the Idaho State Bar Association, she initiated this action pro se in federal district court. She claimed that the thirteen named defendants, who included members of the Bar Association involved in the decision to issue the letter, had imposed an impermissible restraint on trade, in violation of the Sherman Anti-Trust Act, and had deprived her of her constitutional rights to equal protection and due process, in violation of 42 U.S.C. Secs. 1983 and 1985(3). The district court entered summary judgment against her, and Malmin brings this appeal contesting the judgment and several court orders refusing her discovery requests. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Malmin, who practices law in Idaho, failed to disclose to a state magistrate a settlement she had negotiated with opposing counsel in a child support modification proceeding. Richard Engler, the lawyer opposing her and one of the thirteen appellees, filed a complaint with the Idaho State Bar. Following an investigation, the Bar issued a private letter of reprimand to her on January 5, 1990. The letter stated that she had violated Rule 3.3 of the Idaho Code of Professional Responsibility, which requires Idaho lawyers involved in ex parte proceedings to disclose to the tribunal all relevant material facts. Under the Idaho Bar Commission Rules, a private letter of reprimand "declares the defendants' conduct to have been improper, but does not limit his or her right to practice law in the State of Idaho."
 
 
 4
 Malmin sought review of the reprimand in a hearing before the Hearing/Review Committee of the Professional Conduct Board, but the Committee upheld the original decision. The Professional Conduct Board and the Board of Commissioners of the Idaho State Bar refused Malmin's request for review of the Committee's ruling on the ground that the Hearing/Review Committee's decision was final under the Bar Commission Rules. Malmin then applied for a Writ of Mandate in the Idaho Supreme Court, which was denied. The Court also denied her Petition for Rehearing.
 
 DISCUSSION
 I. ANTI-TRUST CLAIMS
 
 5
 Malmin claims that the letter of reprimand hampered her ability to practice law, and therefore operated as an impermissible limit on competition in violation of the Sherman Anti-Trust Act. If the Bar Association's decision to issue the letter qualifies as state action, then the Sherman Act does not apply. Bates v. State Bar of Arizona, 433 U.S. 350, 359-61 (1977). Malmin contends that because she is bringing suit against the individual members of the Bar Association who participated in the decision to issue the letter, Bates does not apply. However, although they are private parties, McMahon and the other named appellees can invoke state action immunity from Sherman Act liability if they can demonstrate that the state has "clearly articulated" as state policy the challenged restraint and has "actively supervised" the conduct of the individuals charged. Patrick v. Burget, 486 U.S. 94, 100-01 (1988).
 
 
 6
 We agree with the district court that the contested conduct of the Bar Association members meets both requirements. First, the decision to issue the letter, authorized by State Bar rules, falls within "clearly articulated state policy," expressed in Secs. 3-412 and 3-413 of the Idaho State Code. These provisions require the Idaho Supreme Court to approve all State Bar disciplinary rules and to exercise final decision-making authority in all disciplinary matters. Second, the Idaho Supreme Court "actively supervised" the conduct of McMahon and the other appellees when it denied Malmin's appeal of the reprimand. Although Rule 509(c) of the Idaho Bar Commission Rules states that a hearing such as the one provided to Malmin is final, Idaho Code Sec. 3-408 provides for review, indicating that the Idaho Supreme Court's denial was not jurisdictional. Therefore, while the language of the denial did not indicate clearly that the Idaho Supreme Court had considered the merits of Malmin's appeal, the statutory provisions for review brought the court's actions within the meaning of "active supervision" as defined in Patrick.
 
 
 7
 II. QUALIFIED IMMUNITY AND DENIAL OF DISCOVERY
 
 
 8
 Malmin filed several motions in the district court, including motions to compel discovery, to enlarge time, for oral testimony during summary judgment, and for audio-visual depositions. The district court denied most of these requests and confined discovery to the anti-trust claim, granting the defendants' motion to stay discovery on all other issues until the question of defendants' qualified immunity was decided. Malmin contests these decisions.
 
 
 9
 We review discovery rulings for abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992). A stay of discovery pending the resolution of another issue is proper if discovery would not affect a decision on that issue. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). We accept the district court's reasoning that the defendants were immune from the Sec. 1985(3) conspiracy claims and the Sec. 1983 due process and equal protection claims because their decision to issue the letter did not violate clearly established principles of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). Under Harlow, the immunity defense does not require that officials make correct decisions, but only that they act in good faith. Id. at 818-819. Although Malmin disagrees with the Bar Association's decision to reprimand her, she does not offer any evidence to suggest that State Bar counsel Michael Oths, the members of the Hearing/Review Committee, the members of the Board of Commissioners, or the other named defendants did not act in good faith. Because Malmin could only speculate as to what she might discover on this issue, the district court did not abuse its discretion in denying discovery while considering the immunity question. See Apache Survival Coalition v. United States, No. 92-15635, slip. op. at 3441-42 n. 17 (9th Cir. Apr. 8, 1994).
 
 
 10
 Even if the defendants had not been immune, it would have been within the district court's discretion to deny discovery because Malmin failed to provide more than the mere hope that evidence supporting her constitutional claims would develop prior to trial. American Legion v. Derwinski, 827 F.Supp. 805, 812 (D.D.C.1993). Injury to reputation alone does not constitute a deprivation of property under the due process clause, and Malmin did not point to any evidence that she lost her job or suffered damage to any other tangible interests as a result of the confidential letter. Paul v. Davis, 424 U.S. 693, 701 (1976). She also did not indicate any specific facts relating to the conspiracy claims and the equal protection claims that would have precluded summary judgment. See Hall v. State of Hawaii, 791 F.2d 759, 761 (9th Cir.1986) (A party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial.").
 
 III. ATTORNEY'S FEES
 
 11
 We deny Appellees' request for attorney fees under 42 U.S.C. Sec. 1988 and Rule 38 of the Federal Rules of Appellate Procedure. Although Malmin's claims are weak, the arguments supporting her anti-trust claim are not wholly frivolous.
 
 IV. SUPPLEMENTAL STATE CLAIMS
 
 12
 Because the district court dismissed the federal claims before trial, it did not abuse its discretion by dismissing Malmin's supplemental state claims without prejudice. 28 U.S.C. Sec. 1367(c)(3) (1990).
 
 CONCLUSION
 
 13
 For the reasons stated above, we AFFIRM the district court's decision.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3